Hjertaas v. Gage Brothers Co., 189 Ill. App. 113.

## Abstract of the Decision.

1. PLEADING, § 34*—*when reference to exhibits ineffective.* A count in a declaration merely referring to certain exhibits as "A" and "B" hereto attached, *held* not to add to the strength of the count, change its character or modify it.

2. MUNICIPAL CORPORATIONS, § 252*—*mode of paying expenses of special assessment.* It is within the legislative authority of a city or village to fix, in advance, the mode of payment of expenses in connection with special assessments, by ordinance, and while such ordinance remains in force it is binding and excludes every other mode of payment.

3. MUNICIPAL CORPORATIONS, § 404*—*proof essential to establish liability for special assessment funds.* Where a local improvement ordinance provides that the sum raised by a special assessment shall be applied to the payment of the expenses of advertisements incurred in a special assessment, to entitle a party to recover from the municipal corporation under the ordinance for printing done in connection with the special assessment, he must show that defendant had collected such fund and actually had the money in its possession, or, if no longer in its possession, that it had wrongfully used the fund contrary to the purpose for which it was collected.

4. MUNICIPAL CORPORATIONS, § 1152*—*validity of warrants.* A party receiving a warrant issued by a municipal corporation upon its general funds for printing done in connection with special assessment matters is not entitled to recover on it where it appears from the evidence that no appropriation had been previously made to pay either the warrant or the claim for which the warrant was given in payment.

---

## Clara Hjertaas, Appellee, v. Gage Brothers & Company, Appellant.

### Gen. No. 19,772.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 8, 1914.

### Statement of the Case.

Action by Clara Hjertaas against Gage Brothers & Company to recover for personal injuries received by plaintiff by being struck by the end of the shaft of

a wagon driven by an employee of defendant. The facts showed that the plaintiff was crossing Wabash avenue by walking east on the north side of Madison street and that at the time she had reached a point within about one or two feet of the curb, defendant's wagon came from the east on Madison street, turned the corner to go north on Wabash avenue and struck plaintiff. It appeared that a crossing policeman just before the accident signaled with his whistle for the traffic to cross Madison street, and there was evidence tending to show that the wagon was driven swiftly on turning the corner. From a judgment entered on a verdict in favor of plaintiff for two thousand dollars, defendant appeals.

Defendant urged as ground for reversal that the evidence was insufficient to show that plaintiff was in the exercise of due care, and that the court erred in refusing to grant a new trial on the ground that the verdict was against the weight of the evidence.

HELMER, MOULTON, WHITMAN & WHITMAN, for appellant; LLOYD C. WHITMAN, of counsel.

J. A. ARKIN and RICHARD J. FINN, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

1. NEGLIGENCE, § 187*—*sufficiency of evidence.* In an action for personal injuries received by plaintiff by being struck by a shaft of defendant's wagon when she was crossing a street, *held* that a verdict for plaintiff was sustained by the evidence.

2. NEGLIGENCE, § 188*—*sufficiency of proof of due care.* The fact that plaintiff was in the exercise of due care need not be proved by direct and positive evidence; it is sufficient if such fact may be fairly inferred from the circumstances in evidence.

3. APPEAL AND ERROR, § 1561*—*when refusal of requested instructions harmless.* Refusal of requested instructions covered by other instructions given, *held* harmless.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.